# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MACHADO-LUNA,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-05597-KES-EPG-HC<br>ORDER DIRECTING RESPONDENT TO INFORM COURT REGARDING PETITIONER'S CURRENT CUSTODY STATUS |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his immigration detention. (ECF No. 1.)

Based on the Executive Office of Immigration Review's ("EOIR") Automated Case Information System, an immigration judge terminated Petitioner's removal proceedings on October 19, 2026. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited Nov. 15, 2026). A search of the U.S. Immigration and Customs Enforcement's ("ICE") Online Detainee Locator System using Petitioner's A-Number produces zero results. See ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Nov. 15, 2026).

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases

or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Based on the EOIR's Automated Case Information System and ICE's Online Detainee Locator System, it appears that Petitioner is no longer in ICE custody, which could moot his pending habeas petition. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

Accordingly, IT IS HEREBY ORDERED that on or before November 20, 2026 Respondents SHALL inform the Court of Petitioner's current custody status and file any supporting documentation.

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE